IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACE GARCIA,

    Plaintiff,

vs.                                                Civ. No. 97-498 JP\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

    1.  This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision, filed December 22, 1997.  The Commissioner denied Plaintiff's request for supplemental security income benefits.  Plaintiff alleges a disability due to learning disabilities and nervousness.  She also suffers from depression, borderline intellectual functioning, anxiety, and a personality disorder.

    2.  The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration.  After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application.  The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  **Thompson v.**

**Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

    4.  The Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ applied an erroneous standard in analyzing step two of the sequential evaluation process; 2) the ALJ did not support with substantial evidence his determination under step two that the Plaintiff does not have a severe impairment; 3) the ALJ failed to consider listing §12.05(c) under step three of the sequential evaluation process; 4) the ALJ failed to support with substantial evidence his implied finding that the Plaintiff's impairments did not meet or equal any listing; 5) the ALJ failed to consider Plaintiff's impairments in combination; and 6) in making his step five determination, the ALJ did not support with substantial evidence his finding that the Plaintiff could perform light work and failed to apply the correct law.

    5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process.  **Id**.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  **Id**. (citations omitted).

    6.  Steps two, three, and five of the sequential evaluation process are at issue in this case. At step two, the claimant must show that she has a severe impairment.  20 C.F.R. §416.920.  At step three, the claimant may automatically be considered disabled if she can show that her impairment meets or equals a listed impairment.  **Id**.  At step five, the burden shifts to the

Commissioner to show that the claimant has a residual functional capacity to do work in the national economy other than past relevant work. **Id**. at 1487.

  7.  The Plaintiff argues first that the ALJ erred by applying a listings severity test (a step three test) to his severity determination under step two.  The ALJ in fact meshed steps two and three together. Tr. 23-4.  From that meshed analysis, the ALJ explicitly found that the Plaintiff did not have a severe impairment (step two) and impliedly determined that her impairments did not meet or equal any listings (step three). Tr. 18-24.  Since the ALJ continued with the sequential evaluation process by engaging in a listings analysis under step three, I find that the ALJ's failure to apply the correct test at step two constitutes only harmless error. **C.f. Bendt v. Chater**, 940 F. Supp. 1427, 1430 (S.D. Iowa 1996)(failure to make explicit step two severity finding is harmless error if it does not affect the outcome of the case).  Accordingly, Plaintiff's first argument in favor of her motion to reverse or remand is without merit.

  8.  The Plaintiff also contends that the ALJ did not support with substantial evidence his finding that she does not have a severe impairment, presumably under step two of the sequential evaluation process.  Assuming *arguendo* that the ALJ failed to support with substantial evidence his finding that the Plaintiff does not have a severe impairment, i.e., that there is substantial evidence of a severe impairment, the ALJ would then be obliged to continue to the next step in the sequential evaluation process, step three.  The ALJ in this case did a step three analysis in which he, albeit, impliedly concluded that the Plaintiff did not meet or equal the listings.  Under these peculiar circumstances, I find that the step two substantial evidence argument is a non-issue.

  9.  The Plaintiff argues next that the ALJ erred by not considering listing §12.05(c) in making his step three determination.  Section 12.05(c) concerns mental retardation and requires

"[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function."  20 C.F.R. Pt. 404, Subpt. P.  The ALJ found that the Plaintiff has a verbal IQ of 68 and suffers from depression, anxiety, and personality disorders.  Tr. 19.  Accordingly, the Plaintiff clearly meets the first part, or the A-criteria, of §12.05(c) regarding IQ and additional mental impairments.  The Plaintiff argues that she also meets the remaining portion of §12.05(c), the B-criteria, which requires a "significant work-related limitation of function."

      10.  The only meaningful medical evidence in this case is a psychological evaluation by Dr. Carl Adams.  Dr. Adams noted that the Plaintiff has limited long and short term recall as well as "a significant amount of psychological suppression" and "little psychologicial insight."  Tr. 110.  Plaintiff's thought content at that time contained "a trend of depressive self appraisal."  **Id.**  Dr. Adams additionally noted that the Plaintiff has an "under development of verbal-cognitive abilities."  Tr. 113.  He further stated that it is "highly improbable" that the Plaintiff can improve her cognitive skills and that "[t]he probability of her acquiring good reading, writing and vocabulary skills is, likewise, quite poor."  Tr. 114.  Testing revealed that the Plaintiff "is endorsing a significant number of items of a negative or pathologic nature," focuses on physical symptoms, is clinically depressed with her mood spilling over into her social interactions, increases her "self criticism, depression and personal doubts" by being unable to learn, and has significant score elevations regarding anxiety, schizophrenia and social introversion which reflect Plaintiff's "low self esteem, self consciousness, underlying feelings of frustration, guilt and depression and a strong undercurrent of discouragement and depression."  Tr. 114.

11.  Dr. Adams, however, doubted the severity of the Plaintiff's reading disability which may be attributed to attitude and limited vocabulary.  **Id**.  Dr. Adams also indicated that if the Plaintiff went "to work full-time, she would gain a tremendous boost in self confidence and self esteem and be able to deal with her feelings more efficiently."  Tr. 115.  Dr. Adams recommended an antidepressant to help Plaintiff's mood and enable her to sleep at night.  **Id.**  Moreover, Dr. Adams gave Plaintiff a Global Assessment of Functioning (GAF) score of 85.  **Id**.  Such a score demonstrates that the Plaintiff has "[a]bsent or minimal symptoms ..., good functioning in all areas, interested and involved in a wide range of activities, socially effective, generally satisfied with life, no more than everyday problems or concerns...."  Diagnostic and Statistical Manual of Mental Disorders at 32 (4th ed. 1994).   Dr. Adams concluded that a job coach would be beneficial to the Plaintiff once she completes vocational training and that vocationally her prognosis appears good.  Tr. 116.  Although Dr. Adams' report appears conflicting at times, I nonetheless find that it is sufficient to have alerted the ALJ to analyze Plaintiff's impairments under listing §12.05(c).  The ALJ, therefore, erred in that respect.

12.  Plaintiff further asserts that the ALJ did not support with substantial evidence his findings that led him to impliedly conclude that the Plaintiff did not meet the listings.  The ALJ examined in some detail the listings concerning depression, borderline intellectual functioning, anxiety disorders and personality disorders.  Tr. 19-20.  The ALJ found that the Plaintiff met the A-criteria of the above listings but not the B-criteria.  Tr. 19-23.  The ALJ did not use a medical advisor to complete the Psychiatric Review Technique Form (PRT form) required in listings analyses. **See Cruse v. United States Dept. of Health & Human Services**, 49 F.3d 614, 617 (10th Cir. 1995).  The regulations allow the ALJ to complete the PRT form with or without a

5

medical advisor. **Id**. (citing 20 C.F.R. §1520a(d)).  In this case, the paucity of medical evidence as well as the somewhat confusing report by Dr. Adams warranted that the ALJ seek the advise of a medical advisor in determining whether the Plaintiff met or equaled the listings.  Consequently, I find that the ALJ abused his discretion in not obtaining a medical advisor.  **See Andrade v. Secretary of Health & Human Services**, 985 F.2d 1045, 1050 (10th Cir. 1993).  Since a medical advisor is necessary for a proper review of the pertinent listings, I cannot decide the Plaintiff's substantial evidence argument at this time.

      13.  Next, the Plaintiff contends that the ALJ failed to consider her combined impairments.  The regulations require that the Commissioner consider all impairments in combination when he is deciding the severity of claimant's impairments even if those impairments, if considered separately, would not be severe.  20 C.F.R. §416.923.  The Commissioner has a duty to make specific and well articulated findings as to the effect of the combination of impairments.  **See Hawkins v. Heckler**, 600 F.Supp. 832, 837 (D.Kan. 1985). Morever, the Social Security Act requires that the Commissioner consider the combined impact of multiple impairments throughout the disability determination process.  **Zebley by Zebley v. Bowen**, 855 F.2d 67, 76 (3d Cir. 1988), **aff'd**, 493 U.S. 521 (1990). The ALJ's only mention of a combination consideration is the statement that "[t]he mental disorder, considered alone, or in combination with her physical impairments, is not expected to interfere with her capacity to work, nor reduce her RFC, regardless of her age, education and work experience." Tr. 23-4.  This statement is insufficient for two reasons.  First, contrary to the combination statement, the ALJ found that the Plaintiff has no physical impairments. Tr. 17.  Second, the ALJ failed to engage in a true discussion of the combined effect of the Plaintiff's mental impairments.  I, therefore, find that the ALJ erred by inadequately

medical advisor. **Id**. (citing 20 C.F.R. §1520a(d)).  In this case, the paucity of medical evidence as well as the somewhat confusing report by Dr. Adams warranted that the ALJ seek the advise of a medical advisor in determining whether the Plaintiff met or equaled the listings.  Consequently, I find that the ALJ abused his discretion in not obtaining a medical advisor.  **See Andrade v. Secretary of Health & Human Services**, 985 F.2d 1045, 1050 (10th Cir. 1993).  Since a medical advisor is necessary for a proper review of the pertinent listings, I cannot decide the Plaintiff's substantial evidence argument at this time.

      13.  Next, the Plaintiff contends that the ALJ failed to consider her combined impairments.  The regulations require that the Commissioner consider all impairments in combination when he is deciding the severity of claimant's impairments even if those impairments, if considered separately, would not be severe.  20 C.F.R. §416.923.  The Commissioner has a duty to make specific and well articulated findings as to the effect of the combination of impairments.  **See Hawkins v. Heckler**, 600 F.Supp. 832, 837 (D.Kan. 1985). Morever, the Social Security Act requires that the Commissioner consider the combined impact of multiple impairments throughout the disability determination process.  **Zebley by Zebley v. Bowen**, 855 F.2d 67, 76 (3d Cir. 1988), **aff'd**, 493 U.S. 521 (1990). The ALJ's only mention of a combination consideration is the statement that "[t]he mental disorder, considered alone, or in combination with her physical impairments, is not expected to interfere with her capacity to work, nor reduce her RFC, regardless of her age, education and work experience." Tr. 23-4.  This statement is insufficient for two reasons.  First, contrary to the combination statement, the ALJ found that the Plaintiff has no physical impairments. Tr. 17.  Second, the ALJ failed to engage in a true discussion of the combined effect of the Plaintiff's mental impairments.  I, therefore, find that the ALJ erred by inadequately

discussing the combination of the Plaintiff's mental impairments.

      14.  Lastly, the Plaintiff argues that the ALJ improperly determined at step five that the Plaintiff can do light work.  Because step three has yet to be fully and properly evaluated by the Commissioner, I decline to review the ALJ's step five analysis.  I conclude that this matter should be remanded to the Commissioner so that he can evaluate whether the Plaintiff meets or equals listing §12.05(c), obtain a medical advisor to aide him in deciding whether the Plaintiff meets or equals any of the pertinent listings, and consider the combination of the Plaintiff's impairments.

Recommended Disposition

      I recommend granting in part the Plaintiff's Motion to Reverse or Remand Administrative Decision.  Specifically, I recommend remanding this matter to the Commissioner so that he shall evaluate whether the Plaintiff meets or equals listing §12.05(c), seek a medical advisor to help him decide whether the Plaintiff meets or equals any of the pertinent listings, and consider the Plaintiff's impairments in combination.  Should the Commissioner determine upon remand that the Plaintiff does not meet or equal any listings, then he should proceed to step five of the sequential evaluation process.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and

recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE